HILLHOUSE v. UNITED STATES.

(Circuit Court, S. D. New York. January 1, 1906.)

No. 3,751.

CUSTOMS DUTIES—CLASSIFICATION—HOUSEHOLD EFFECTS—AUTOMOBILE EXTENSIVELY REPAIRED.

In construing the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1682], for the free admission of household effects actually used abroad more than one year, *held* that it does not include an automobile which just prior to importation was materially improved in condition by being reupholstered and otherwise extensively repaired.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below see G. A. 5,849 (T. D. 25,768), which affirmed the assessment of duty by the collector of customs at the port of New York on an importation by J. T. B. Hillhouse.

Howard T. Walden, for the importer.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The question involved relates to the free entry of an automobile. The duty assessed by the collector was at the rate of 45 per cent. ad valorem as a manufacturer of metal, under paragraph 193, Schedule C, § 1, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], and is claimed to be free of duty, under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 504, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1682]. It was conceded by counsel for the United States at the hearing that the evidence taken in this court subsequent to the decision of the Board of General Appraisers fairly establishes that the automobile was actually used abroad by the owner for more than one year, and, further, that the same was not intended for any other person or for sale. The single claim is urged that the article has been advanced in manufacture or improved in condition to such an extent that it is now dutiable under paragraph 193, as an article not specially provided for and composed wholly or in part of steel or iron, etc.

The proofs show that the machine had previously, in 1902, been imported and assessed for duty, and later, in August, 1903, was exported, but first registered at the collector's office to avoid payment of duty on its return to the United States. This evidence, however, in view of the conclusion that the article falls within the provision of paragraph 193, is thought unimportant. Upon the hearing I had an impression that the repairs to the machine were necessary because of ordinary wear and tear. An examination of the record, however, does not bear out my original opinion. The motor had been overhauled, new parts substituted in place of old, and the body had been repaired and newly upholstered just prior to the return of the vehicle to this country. Under such conditions the conclusion is sound, I think, that the machine while abroad received such extensive repairs as to materially improve it in condition beyond its condition when exported. In fact, a new manufacture, in part at least, would seem to have been the result. If the repairing had consisted simply of painting and adjusting parts of the machine which had become impaired and defective by reason of its ordinary use, a more liberal construction of the provision of the tariff act would be justified.

The decision of the Board of General Appraisers is confirmed.